IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Clay Rainer,<br><br>    Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc., RC Willey Home Furnishings, and American United Federal Credit Union,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>2:17-cv-00249-DS<br><br>Judge David Sam |

## INTRODUCTION

Plaintiff Clay Rainer filed this Motion for Partial Summary Judgment against Defendant American United Federal Credit Union ("AUFCU"), asking the court to find as a matter of law that AUFCU is liable to Mr. Rainer under the Fair Credit Reporting Act (FCRA).

In 2008, Plaintiff borrowed $4,500 from Grantsville Federal Credit Union. AUFCU became the owner of Plaintiff's account following a merger in approximately 2016. Plaintiff modified the loan to borrow additional money, increasing the amount borrowed and owed over time. Plaintiff did not repay the loan and received a discharge through a Chapter 13 Bankruptcy on or about September 21, 2015. As explained in the Discharge of Debtor provided to AUFCU by the bankruptcy court, no attempt to collect the debt was permitted following the discharge. Grantsville and AUFCU charged the debt off, a process also referred to as "writing the debt off." Charging off a debt indicates that the debt was not paid, but that it cannot be collected. Plaintiff alleges that AUFCU reported inaccurate information regarding the bankruptcy and charge off to

1

Experian. He also asserts that AUFCU failed to make a reasonable investigation after learning that Plaintiff disputed the information on his Experian credit report. Plaintiff also argues that AUFCU's actions were reckless and willful violations of the FCRA.

To state an FCRA reinvestigation claim, Mr. Rainer asserts that he must show that (1) he is a consumer; (2) a consumer report was involved; (3) AUFCU is a furnisher within the meaning of the FCRA; (4) Plaintiff suffered damages; (5) he found an inaccuracy in his credit report; (6) he notified a CRA; (7) the CRA notified AUFCU of the dispute; and (8) AUFCU failed to reasonably investigate the inaccuracies. ECF No. 33, at 3 (internal cites omitted). Mr. Rainer argues that he has satisfied seven out of the eight elements; the only remaining element is the amount of damages, which should be decided by the jury at trial. He therefore requests that the court grant summary judgment on all the elements except for damages.

## SUMMARY JUDGMENT STANDARD

Rule 56 allows the court to grant summary judgment only when "the movant shows that there is no genuine dispute as to any material fact." The party moving for summary judgment bears the burden of producing evidence in support of its claims. *Kannady v. City of Kiowa,* 590 F.3d 1161, 1169 (10th Cir. 2010). If the movant does so, the burden shifts to the party opposing summary judgment to demonstrate a genuine issue of material fact. *Id.* The court must view evidence in the light most favorable to the party opposing summary judgment. *McBeth v. Himes,* 598 F.3d 708, 715 (10th Cir. 2010).

## ANALYSIS

AUFCU argues that the factual basis for Mr. Rainer's motion is simple and flawed. AUFCU disputes the following three factual bases for summary judgment, as alleged in

Plaintiff's motion: (1) that AUFCU reported inaccurate information to Experian; (2) that AUFCU failed to make a reasonable investigation after learning that Plaintiff disputed the information on his Experian credit report; and (3) that AUFCU's actions rise to the level of reckless and willful violation of the FCRA.

1. **Accuracy of the information reported by AUFCU to Experian.**

This court, viewing the evidence in the light most favorable to AUFCU, finds a number of genuine factual disputes regarding the accuracy of the information reported to Experian by AUFCU. Mr. Rainer's memorandum focuses mostly on what Experian included in its August 2016 report, rather than on what AUFCU reported to Experian. While these are potentially related, AUFCU has provided evidence that the contents of the August 2016 report are not always what AUFCU provided to Experian.

   a. **AUFCU's report of the bankruptcy and discharge to Experian in response to verification requests**

AUFCU responded twice to Experian. The first time, in August 2016, AUFCU clearly indicated that the status of the loan was discharged by a chapter 13 bankruptcy. *Declaration of Cherie Royce* ¶¶ 24-28. AUFCU reported the bankruptcy to Experian, but what Experian did with that information was beyond the control of AUFCU.

AUFCU also responded to the second, electronic request for dispute verification by investigating the issue, verifying the amounts, and following the process for electronic reporting. AUFCU again indicated that a bankruptcy had occurred along with an associated discharge. *Declaration of Cherie Royce* ¶¶ 35-42.

The evidence, when viewed in the light most favorable to AUFCU, indicates that AUFCU provided accurate information to Experian regarding Mr. Rainer's bankruptcy. Plaintiff's dissatisfaction with the contents of the Experian report does not mean that AUFCU

reported incorrect or misleading information.  The testimony of AUFCU and the related records create a genuine dispute of material fact regarding the accuracy of what AUFCU reported.

      **b. "Recent Balance: $2,851 as of Apr 2016"**

Mr. Rainer argues that AUFCU was incorrect when it reported a balance of "$2,851 as of Apr. 2016" to Experian.  He says that this reporting was incorrect because it took place approximately seven months after his bankruptcy was discharged.  Mr. Rainer admits that the Tenth Circuit has not addressed the reporting of past due balances after an account is discharged in bankruptcy, so he instead cites a handful of Ninth Circuit cases for the holding that "at least prior to discharge, reporting a loan balance and delinquent status per the original terms—as opposed to the modified terms of the confirmed Chapter 13 plan—is neither inaccurate nor misleading under the FCRA."  ECF No. 45 at 10. Mr. Rainer then concludes that the implication of these cases is that *after* a bankruptcy, reporting an account balance and delinquent status would be inaccurate. This argument is not persuasive.  Not only are Ninth Circuit cases not precedent for this court, but Mr. Rainer's interpretation does not necessarily follow from the court's holding.

The bankruptcy documents provided to AUFCU by the bankruptcy court expressly stated that discharge means that while no effort can be made to collect a debt, a debtor can still voluntarily make payments on the obligation. *Declaration of Cherie Royce* ¶ 21.  The order of the court included the statement "a debtor may voluntarily pay any debt that has been discharged." *Id.* Clearly this statement indicates that the debt exists and can be paid.  It has just been discharged and therefore no attempt to collect can be made. Plaintiff's argument implies that once the debt was discharged it was satisfied or ceased to exist and hence a report of a balance would be inaccurate.  This is not necessarily correct.  Defendant argues that it was

4

accurate for AUFCU to state "$2,851 as of Apr. 2016" because the statement is true. *See Declaration of Cherie Royce* ¶¶ 22, 42, 43. Viewing the evidence in the light most favorable to AUFCU, the court finds a genuine factual dispute regarding the accuracy of the information reported to Experian by AUFCU.

### c. AUFCU Reported $3,528 as a Charge Off.

The August 2016 Experian report included the following information, which Plaintiff alleges includes inaccurate information provided by AUFCU:

> **Status**
> Account charged off. $3,528 written off. $5,090 past due as of Apr 2016. This account is scheduled to continue on record until Jul 2018.

Plaintiff asserts that this is inaccurate. Ms. Royce admitted that "$3,528 written off" is not accurate because it includes interest and late fees which are not collectable after a charge off. ECF No. 33-2 at 70:21-25 and 71:1-17. However, Ms. Royce's testimony does not establish the undisputed facts that Plaintiff suggests it does. Ms. Royce testified unambiguously that this charge off did occur and was accurate when she said, "the $3,528 was charged off" and again when she clarified the amount was accurate "with interest and late fees accumulated on the loan." She clearly stated that the amount charged off included interest and late fees that may not have been collectible.

Defendant notes that Plaintiff's argument conflates two unrelated matters—the amount charged off and the amount that could have been collected. The status clearly indicates that the $3,528 was the amount charged off, which is accurate. That portion of the statement makes no reference to any collection, collectability, debt owed, or other matter. Ms. Royce clarified her testimony in her declaration, paragraph 53, which states that $3,528 was the amount charged off, and that the charge off was correctly reported to Experian. ECF No. 43-1 at 11. This testimony is

5

supported by the business records cited to in Mr. Royce's declaration. Ms. Royce's testimony and the supporting records indicate that there is a genuine dispute regarding the accuracy of the charge off amount.

### d. $5,090 Past Due as of Apr. 2016."

Plaintiff argues that the portion of the status indicating "$5,090 past due as of Apr. 2016" was an inaccurate report on the part of AUFCU to Experian. Ms. Royce testified that this amount "is the original amount of the loan that [Mr. Rainer] took out at Grantsville Federal Credit Union." ECF No. 33-2 at 71:22-24. Ms. Royce also stated that the amount of the principle due had been reduced to $2,851, and she confirmed that at the time of her deposition the amount of $5,090 was not the amount past due, nor was it the correct current balance. Ms. Royce also testified, however, that she did not know why the balance of $5,090 was included in the Experian status because it was not part of her response to the verification request. Her testimony clearly creates a genuine dispute of material fact because she testified that she provided an ACDV that *did not* include the amount of "$5,090 past due as of Apr. 2016."

## B. Reasonable investigation into Plaintiff's two disputes

Under the FCRA, furnishers are required to provide accurate information and must investigate disputed accounts after receiving notice of the dispute from a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(a)&(b)(1); *See also Pinson v. Equifax Credit Info. Servs., Inc.,* 316 Fed. Appx. 744, 750-51 (10th Cir. 2009); *Sanders v. Mt. Am. Fed. Credit Union,* 689 F.3d 1138, 1147 (10th Cir. 2012). A furnisher's investigation is viewed in light of the information provided to it by the Credit Reporting Agency:

> The investigation an information furnisher undertakes must be a reasonable one.
>
> A "reasonable" investigation "is one that a reasonably prudent person would undertake under the circumstances." How thorough an investigation must be to

> be "reasonable" turns on what relevant information was provided to a furnisher by the CRA giving notice of a dispute. A more limited investigation may be appropriate when CRAs provide the furnisher with vague or cursory information about a consumer's dispute.

*Maiteki v. Marten Transp. Ltd.,* 828 F.3d 1272, 1275 (10th Cir. 2016) (internal quotes and alterations omitted). "'Whether a defendant's investigation is reasonable is a factual question normally reserved for trial; however, summary judgment is proper if the reasonableness of the defendant's procedures is beyond question.'" *See id.* at 1275. When viewed under the summary judgement standard requiring that all inferences be drawn in AUFCU's favor, the facts clearly show that Plaintiff's motion should be denied.

Ms. Royce testified that she reviewed the first paper request for verification carefully, reviewed the information provided by Experian, reviewed all of the material associated with the account and responded by informing Experian of the Bankruptcy and discharge. *See Declaration of Cherie Royce* ¶¶ 24-28. When viewed under the summary judgment standard requiring that all inferences be drawn in AUFCU's favor, this is clearly an investigation that a reasonably prudent person would undertake under the circumstances.

In the second electronic request, Experian again raised the issue of bankruptcy and the accuracy of the amounts charged off. AUFCU responded reasonably by reviewing and confirming the amounts, responding with a consumer indicator for bankruptcy and discharge and reporting accurate and correct information. Again, drawing inferences in AUFCU's favor, their actions were reasonable in that they followed appropriate procedure, reviewed all available information, and responded correctly. Summary judgment is not appropriate.

## C. Willful violation of FCRA

Plaintiff's final argument is that Defendants' actions or inaction showed a reckless disregard for some of the requirement of the FCRA. The FCRA provides a private right of

7

action to consumers when any person negligently or willfully fails to comply with the requirements of the statute. 15 U.S.C. 1681n and 1681o. A violation is willful if the defendant demonstrates reckless disregard of any requirements of the FCRA. To demonstrate reckless disregard, "[t]he defendant must have taken action involving 'an unjustifiably high risk of harm that is either known or so obvious it should be known." *Safeco Ins. Co. of Am. V. Burr,* 127 S. Ct. 2201, 2216 (2007). Willful noncompliance gives rise to liability for actual and statutory damages, punitive damages, costs, and attorneys' fees. 15 U.S.C. 1681n(a).

Plaintiff argues that AUFCU's actions indicate that it had no regard for whether Plaintiff's account was being reported accurately. He alleges that AUFCU's representative admitted that Plaintiff's file was incomplete, yet AUFCU did not review any documents outside of its own internal account notes and statements. He also alleges that AUFCU was on notice of Plaintiff's bankruptcy but failed to correctly report it. And finally, he alleges that AUFCU concedes that the balance reported on Plaintiff's August 2016 Experian credit report is incorrect and provides no explanation for why it was not corrected. All of these assertions are disputed.

AUFCU points out that the factual bases for Plaintiff's argument are incorrect. AUFCU's file regarding the account in dispute is complete. Cheri Royce testified that although a "personal file" was not transferred or found, Mr. Rainer's joint account which gives rise to the present litigation is in AUFCU's possession. ECF No. 33-2 at 14:17-25. AUFCU has been in possession of all materials associated with the debt that gives rise to the credit reporting dispute in this case. As far as reporting Plaintiff's bankruptcy, AUFCU did know of Plaintiff's bankruptcy and on at least two separate occasions informed Experian that the subject debt had been charged off in bankruptcy. Plaintiff's final point, that an incorrect balance appeared on the Experian report, is a disputed matter because AUFCU, while admitting that the $5090 past due

amount was not the correct *current* balance, denies that AUFCU provided information regarding that amount to Experian. ECF No. 33-2, at 71:22-25; 72:1-8.

Mr. Rainer has failed to demonstrate that AUFCU meets the "reckless disregard" standard, and summary judgment on this issue would be inappropriate.

## CONCLUSION

The testimony and evidence in this case create significant factual disputes that prevent the court from granting summary judgment. Therefore, the court hereby denies Plaintiff's Motion for Partial Summary Judgment (ECF No. 33). SO ORDERED.

DATED this 11th day of March, 2019.

BY THE COURT:

DAVID SAM
Senior Judge
United States District Court