IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Clay Rainer,<br><br>    Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc., RC Willey Home Furnishings, and American United Federal Credit Union,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>2:17-cv-00249-DS<br><br>Judge David Sam |

## INTRODUCTION

Defendant American United Federal Credit Union ("AUFCU"), pursuant to Fed. R. Civ. Pro. 56 and DUCiv-R 56-1, has requested that the court grant summary judgment in favor of AUFCU regarding Plaintiff's claim for damages and negligent violation of the Fair Credit Reporting Act.

Plaintiff and his attorneys initiated this action in March 2017 and are alleging that Defendant AUFCU failed to reasonably re-investigate a dispute brought to AUFCU's attention by the credit reporting agency Experian. To prevail on this claim, Plaintiff must prove that AUFCU's actions caused Plaintiff actual damages.

## SUMMARY JUDGMENT STANDARD

Rule 56 allows the court to grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any

1

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. *Celotex Corp. v. Catrett,*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Alternatively, the movant can demonstrate that the non-moving party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial. *Id.*

Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp.,* 477 U.S. at 324; *Valandingham v. Bojorquez*, 866 F.2d 1135, 1137 (9th Cir. 1989). The court must view any inferences drawn from the underlying facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## ANALYSIS

While AUFCU is adamant that it did not violate the FCRA in any respect, its present motion addresses only Plaintiff's ability to prove damages. Plaintiff's allegation of damages is entirely unsupported by any facts and contradicted by his clear testimony. Plaintiff consistently stated in sworn discovery responses that he had actual damages but that they would eventually be established by expert testimony, although he never provided any evidence of damages and never

2

designated an expert. In his amended complaint, Plaintiff alleges that AUFCU's actions "caused Plaintiff damages"; that "Plaintiff is informed and believes that his credit score is taking a 'double hit' as a result of AUFCU's reporting"; that AUFCU's reporting "damaged Plaintiff's creditworthiness"; and that Plaintiff is entitled to actual damages[.]" ECF No. 46 at 4-5.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that Plaintiff produce with his initial disclosures "a computation of damage claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including material bearing on the nature and extent of injuries suffered[.]" Plaintiff's initial disclosures did not provide a calculation of actual damages, but again indicated that such damages existed and would be proven by evidence including an expert report. ECF No. 46 at 5-6. The documents that were eventually produced do not provide any evidence of damages.

Plaintiff was required to respond directly to discovery regarding the existence and amount of his damages and to provide or identify evidence in support of his alleged damages. Plaintiff again did not provide any evidence, testimony, or document that would satisfy his burden to prove damages. Instead, Plaintiff again suggested that such information would be produced at a future date, perhaps by way of expert opinion. ECF No. 46 at 7-10.

Later Plaintiff was deposed. In his deposition, he was unable to identify any instance where the alleged FCRA violations by AUFCU caused him a loss. He was specifically asked if AUFCU's reporting has cost him money, hurt his credit, increased his interest rates, or caused him to miss out on a loan. Plaintiff was unable to testify that he experienced any such damages. ECF No. 46 at 10-13.

There is no dispute that Plaintiff has failed to carry his burden as to the element of damages. In fact, in Plaintiff's response to AUFCU's partial summary judgment motion, he "concedes he will be hard pressed to prove monetary damages[.]" ECF No. 47 at 2.

After conceding his lack of monetary damages, Plaintiff proceeds to argue that he is entitled to emotional damages as actual damages under FCRA and that he has suffered emotional damages due to Defendant's reporting. However, if Plaintiff intended to seek non-economic damages, he was required to identify such in his initial disclosures, which he did not do. And while FRCP 26(e) allows a party to supplement a disclosure or discovery response with newly discovered information or to correct an inaccuracy, Plaintiff did not do so. In fact, his discovery response made it even clearer that his alleged damages were monetary and would be proven by an expert.

Where Plaintiff has failed to disclose, failed to supplement, and failed to admit to facts related to his lack of monetary damages (or the existence of alleged emotional damages), he is barred from asserting the same now. Rule 37(c). The rule expressly forbids a party from raising undisclosed, un-supplemented, or unadmitted facts in support of a motion. Thus, Plaintiff cannot raise the recently submitted declarations in support of his opposition. Nor is such evidence admissible at trial.

Plaintiff errs in arguing that he can provide previously undisclosed, unidentified, and unsupported categories of damages to avoid summary judgment. The requirement to prove his damages relates to his allegations and disclosures, which only identified monetary or "credit" damages. The possibility that the FCRA might allow for other kinds of damages is immaterial as such other kinds were not identified by Plaintiff until now.

## CONCLUSION

For the above reasons and good cause appearing, the court hereby grants Defendant AUCFU's Motion for Partial Summary Judgment (ECF No. 46). The court finds that Plaintiff has failed to carry his burden as to the required element of damages and dismisses his claim for negligent violation of the FCRA.

SO ORDERED.

Dated this 13th day of March, 2019.

BY THE COURT:

_____

DAVID SAM
Senior Judge
United States District Court